IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


PATRICK B. KOMESHAK, D.C.
d/b/a KOMESHAK CHIROPRACTIC
AND THOMAS L. KALTENBRONN, D.C.,

Plaintiffs,

v.

RISK ENTERPRISE MANAGEMENT
SERVICES, INC.,

Defendant.                                        No. 06-CV-193-DRH


## MEMORANDUM AND ORDER


**HERNDON, District Judge:**

### I.  Introduction

          Before the Court is a motion to remand submitted by Plaintiffs Patrick

Komeshak, d/b/a Komeshak Chiropractic and Thomas Kaltenbronn ("Plaintiffs").

(Doc. 9.)   Defendant Risk Enterprise Management Services, Inc. ("Defendant")

responds in opposition.   (Doc. 15.)   For the reasons below, the Court grants

Plaintiffs' motion and remands the case to the St. Clair County Circuit Court.

### II.  Background

          Plaintiffs, on behalf of a putative class, originally brought this case in St.

Clair County Court, alleging that Defendant "systematically, arbitrarily, and

unlawfully reduc[ed] or den[ied] payments for medical services based on use of

biased and arbitrary computer software programs, and based on improper 'Silent PPO' discounts."  (Doc. 2, Pls. Compl., ¶ 2.)  Plaintiff's filed suit on February 14, 2005, four days before the **Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14** ("CAFA") went into effect.  The defendant named on the complaint was "Risk Enterprise Management Services, Inc."  (Doc. 10, Ex. B.)  The agent listed for service was Ronald L. Gage, 25W555 Webster Ave., Roselle, Illinois.  (*Id.*)

That information, however, was incorrect.  The instant Defendant, who Plaintiffs intended to sue, is named Risk Enterprise Management Services *Limited* ("REM Ltd."), not *Incorporated*.  Furthermore, Ronald Gage was not (and is not) an agent of REM Ltd.  Nor was his address a business address used by that Defendant. These facts initially precluded Plaintiffs from effecting service on the proper defendant.  Between March 9, 2005 and March 14, 2005, Plaintiffs' licensed process server unsuccessfully attempted to serve Mr. Gage seven times. (Doc. 9, Ex. 1.)  After some investigation, Plaintiffs eventually discovered the correct identity of REM Ltd.'s agent, CT Corporation Systems.   During October and November 2005, Plaintiffs requested two alias summons, which correctly identified CT Corporation as REM Ltd.'s agent, but continued to incorrectly identify the Defendant as Risk Enterprise Management Services, Inc.  (Doc. 1, Ex. C and D.)  CT Corporation refused service, based on the fact that it is not the registered agent for Risk Enterprise Management Services, Inc. (Doc. 9, Ex. 3.)  Finally, on December 28, 2005, the St. Clair County Court entered an order replacing the name "Risk Enterprise Management Services, Inc." with "Risk Management Limited."  (Doc. 10, Ex. B.)  The court also ordered the

clerk to issue alias summons to "Risk Enterprise Management Limited." (*Id.*)  On

February 7, 2006, Defendant REM Ltd. was served.  Defendant removed the case to

this Court three-and-a-half weeks thereafter.  (Doc. 1.)  Defendant's Notice of

Removal alleged that because this case commenced after CAFA's February 18, 2005

effective date, federal jurisdiction is proper.

### III.  Analysis

**A.     Removal Standard**

A defendant may remove a case only if a federal district court would

have original jurisdiction over the action.  *See* **28 U.S.C. § 1441**; *Caterpillar Inc.*

*v. Williams*, **482 U.S. 386, 392 (1987)**.  Statutes providing for removal are

construed narrowly, and doubts about removal are resolved in favor of remand.  *Doe*

*v. Allied-Signal, Inc.*, **985 F.2d 908, 911 (7th Cir. 1993)**.  The burden of

establishing jurisdiction in the federal courts falls on the party seeking removal.  *Id.*

**B.     CAFA**

CAFA was enacted by Congress on February 18, 2005 and applies only

to cases commencing thereafter.  **Class Action Fairness Act of 2005, Pub. L. No.**

**109-2, § 9, 119 Stat. 14** (amending **28 U.S.C. § 1332(d)(2)**).  CAFA, in pertinent

part, establishes federal jurisdiction over class actions in which minimal diversity is

present and "the matter in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs." **28 U.S.C. § 1332(d)(2)(A)**.

**C.     Defendant's Removal**

### 1.    *Relation Back*

In this case, Defendant claims that Plaintiffs' December 28, 2005 amendment commenced a new case for CAFA purposes, and thus, since CAFA went into effect on February 18th of that year, federal jurisdiction is proper.  Plaintiffs disagree.  They argue that the December 28th amendment relates back to the date of filing, and thus that their suit was filed before CAFA's February 18th effective date.  Federal jurisdiction, they thus maintain, is improper.

The question of whether substituting a party in a state case commences a new case depends on state procedural law.  ***Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006)**.  Under Illinois law,

> A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if . . . the person, within the time that the action might have been brought or the right asserted against him or her *plus the time for service permitted under Supreme Court Rule 103(b)*, received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her.

**735 Ill. Comp. Stat. 5/2-616(d)** (emphasis added).  **Illinois Supreme Court Rule 103(b)** provides that "[i]f the plaintiff fails to exercise reasonable diligence to obtain service on a defendant, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run." **Ill. Sup. Ct. R. 103(b)**.

However, there is "no fixed rule or absolute standard which can be

applied to determine whether a plaintiff's efforts to obtain service were reasonable." ***Dupon v. Kaplan*, 163 Ill. App. 3d 451, 454, 516 N.E.2d 727, 729 (Ill. App. Ct. 1987).** Instead, courts must apply an objective standard and evaluate the specific facts and circumstances of each case. ***Id. See also McRoberts v. Bridgestone Americas Holdings, Inc.*, 365 Ill. App. 3d 1039; 851 N.E.2d 772 (Ill. App. Ct. 2006).** Factors considered by courts in evaluating whether a plaintiff was reasonably diligent include (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." ***Segal v. Sacco*, 136 Ill. 2d. 282, 287, 555 N.E.2d 719 (Ill. 1990).**[1]

Here, Defendant was not served until February 7, 2006, 354 days after CAFA went into effect and 361 days after Plaintiffs originally brought their action. The question before the Court, therefore, is whether the 354-day post-February 18, 2005 delay falls within "the time for service permitted under Supreme Court Rule

---

[1] Notably, this is not, as Plaintiff suggests, a misnomer case. In Illinois, "[a] misnomer occurs where the plaintiff brings an action and serves summons upon the party intended to be made the defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name." ***Shaifer v. Folino*, 272 Ill. App. 3d 709, 713, 650 N.E.2d 594, 597 (Ill. App. Ct. 1995)**. That is not what occurred here. Instead, this is a case of mistaken identity. ***See Pruitt v. Pervan*, 356 Ill. App. 3d 32, 825 N.E.2d 299 (Ill. App. Ct. 2005).**

103(b)."  **735 Ill. Comp. Stat. 5/2-616(d)**.

The purpose of Rule 103(b) is to "protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations." *Segal*, **136 Ill. 2d. at 286.**  Here, Plaintiffs' delay in serving Defendant appears to be the result of an inadvertent error (namely, misidentifying the correct name of the Defendant and its registered agent) rather than some intentional scheme aimed at delaying the process.  Furthermore, while there was a delay in serving the correct Defendant, Plaintiffs made several attempts to serve who they believed to be the Defendant.  Shortly after commencing the lawsuit, Plaintiffs' licensed process server attempted to serve who Plaintiff believed to be the Defendant *seven times*.  Later, Plaintiffs requested alias summons on two different occasions and again attempted to serve the Defendant.  These last attempts were made on Defendant's registered agent, who refused to accept service, presumably because Plaintiffs had not correctly named the Defendant.  Plaintiffs made additional efforts to correct their errors and eventually amended their complaint to name the correct Defendant and requested yet another alias summons. Eventually, nearly 12 months after filing the lawsuit, Plaintiffs served the correct Defendant.  Although the Court is troubled by this delay, the Court believes that ultimately Plaintiffs' failure to obtain service on Defendant was not due to a lack of diligence.  The length of the delay is only one factor the Court must consider.[2]  After considering all of the facts before it,

---

[2] *See McRoberts v. Bridgeston Americas Holdings, Inc.*, **365 Ill. App. 3d 1039; 851 N.E.2d 772 (Ill. App. Ct. 2006) (finding that plaintiff exercised**

the Court finds that Plaintiffs' amended pleading, which corrected the name of

Defendant, satisfies the relation-back requirements of **Section 2-616(d)**, because,

although there was nearly a 12-month delay, Plaintiffs exercised reasonable diligence

in obtaining service on Defendant within the bounds of **Rule 103(b)**.

### IV. CONCLUSION

Therefore, for the foregoing reasons, the Court **GRANTS** Plaintiffs'

Motion to Remand (Doc. 9) and **REMANDS** this case to the St. Clair County Circuit

Court.  Plaintiffs request for attorneys fees is **DENIED**.

**IT IS SO ORDERED.**

Signed this 31st day of October, 2006.

/s/          David   RHerndon
**United States District Judge**

---

**reasonable diligence despite nearly 12 month delay);** *McCormack v. Leons*, **261 Ill. App. 3d 293, 634 N.E.2d 1 (Ill. App. Ct. 1994) (holding that the plaintiff had exercised reasonable diligence despite serving the defendant nearly two years and four months after filing the original complaint and 16 months after refiling the complaint); and** *Cannon v. Dini*, **226 Ill. App. 3d 82, 589 N.E.2d 653 (Ill. App. Ct. 1992) (finding reasonable diligence despite 13 month delay).**